# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ABRAM OLIVER DEGARDEYN,
Plaintiff,

v.

AT&T; INC.;
OPENAI, INC.;
XAI CORP.,
Defendants.

**RECEIVED**

SEPT 30, 2025

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## AMENDED CIVIL COMPLAINT

*(ADA Violations, Communications Interference, Civil Rights Obstruction, and Related Federal Claims)*

### PARTIES

Plaintiff ABRAM OLIVER DEGARDEYN is an individual residing within the jurisdiction of the Western District of Pennsylvania.
Defendant AT&T; INC. is a telecommunications corporation conducting business within this District.
Defendant OPENAI, INC. is an artificial intelligence and technology company conducting interstate commercial activity affecting this District.
Defendant XAI CORP. is an artificial intelligence and technology company conducting interstate commercial activity affecting this District.

### JURISDICTION AND VENUE

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), and 42 U.S.C. § 1983.
Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides here and the acts giving rise to these claims occurred within this District.

### FACTUAL BACKGROUND

Plaintiff is a qualified individual with disabilities as defined under federal law.
Defendant AT&T; INC. engaged in telecommunications interference, ADA retaliation, and obstruction of Plaintiff's ability to access essential communication and legal processes.
Defendant OPENAI, INC., through its platforms and services, participated in or enabled suppression of accessible communication tools, contributed to interference with Plaintiff's legal and personal

communications, and failed to provide reasonable accommodations.

Defendant XAI CORP., through its platforms and AI systems, contributed to communication obstruction, economic harm, and denial of equitable access to tools required for Plaintiff's legal and personal advocacy.

Defendants' combined actions resulted in denial of services, suppression of evidence, and interference with Plaintiff's ability to pursue court actions and assert civil rights.

Plaintiff has suffered economic loss, emotional distress, impairment of access, and infringement of federal rights as a direct and proximate result of Defendants' conduct.

## CAUSES OF ACTION

COUNT I – AMERICANS WITH DISABILITIES ACT (ADA): Defendants denied equal access, failed to accommodate, and interfered with Plaintiff's ability to communicate, in violation of Title II and Title III of the ADA.

COUNT II – CIVIL RIGHTS OBSTRUCTION (42 U.S.C. § 1983): Defendants acted under color of law or in concert with regulated entities to obstruct Plaintiff's federally protected rights, including access to courts, communication channels, and legal redress.

COUNT III – COMMUNICATIONS INTERFERENCE: Defendants engaged in conduct that impeded Plaintiff's ability to send, receive, and rely on telecommunication and AI-based services necessary for daily living and court involvement.

COUNT IV – RETALIATION AND ECONOMIC HARM: Defendants' collective actions caused financial loss, suppression of employment and development opportunities, and retaliation for Plaintiff's attempts to assert protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:
a. Enter judgment in his favor and against all Defendants jointly and severally;
b. Declare Defendants' conduct unlawful;
c. Award compensatory and statutory damages;
d. Grant injunctive relief requiring Defendants to cease interference and provide accessible services;
e. Award costs, fees, and any additional relief the Court deems proper.

\

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

ABRAM OLIVER DEGARDEYN
Plaintiff, Pro Se